452

NATIONAL TURN VEREIN, PETITIONER, v. CITY OF NEWARK, RESPONDENT.

Decided June 24th, 1941.

For the petitioner, *Martin G. Bross, Jr.*

For the respondent, *James F. X. O'Brien* (by *Vincent J. Casale*).

QUINN, President. Petitioner claims to be a fraternal organization, entitled to exemption from taxation of real and personal property owned by it and used for its purposes. The property in question consists of land, building and personal property situated in the City of Newark, and there assessed for taxes for the year 1939. The pertinent statute is *R. S.* 54:4-3.26, providing as follows:

"All real and personal property used in the work and for the purposes of one or more fraternal organizations or lodges, or any association or society organized on the lodge plan, or affiliated associations, whether incorporated or unincorporated, shall be exempt from taxation under this chapter, if the legal or beneficial ownership of such property is in one or more of said organizations, lodges, associations or societies, and no part of such property is used for pecuniary profit."

The respondent taxing district contends that petitioner is not a fraternal organization within the true intent of the

statute, but merely an athletic club or association, whose fraternal nature, if any, is purely incidental. The determination of questions of this character in borderline cases such as that here presented, is attended with some difficulty, because of the extreme generality of the legislative language, and the particular fact situation, taken as an entirety, must govern the disposition of each case.

The certificate of incorporation of the petitioner, filed in 1887, recites that the object of the association is "the intellectual and physical improvement of the members, by forming and keeping a library, by establishing schools, and by furnishing instructions in gymnastic exercises."

The constitution and by-laws of the organization sets up several committees—a school committee, charged with governing activities of a school of physical culture for children and young persons; an athletic committee, controlling all athletic events, supervising and selecting the personnel of all of the athletic teams representing the verein in competition; a games committee, in charge of bowling alleys, billiard tables and card room; and supply, finance and auditing, inspection and repair, and membership and admission committees.

It appears from the testimony, that, although membership in the petitioner is in some broad aspects fraternal, in the sense that the joint and continued endeavors of a group of individuals in any direction will, over a period of time, produce a close bond between them, yet the primary purpose for which this association was established, and to which the property under appeal is principally devoted, is the conduct of a school of gymnastic instruction for boys and girls, and the organization and maintenance of athletic and gymnastic teams for competitive and exhibition purposes. In short, counsel for respondent accurately described it as an athletic club or association. It may be conceded that its activities are beneficial to the community, but the legislature has not said that all organizations whose activities are in promotion of the public welfare are to be granted exemption from taxation. The act relied on herein is limited in scope to fraternal organizations. That is the inescapable condition precedent not met by petitioner. The requirement, in the cases of fraternal

organizations, that they be of a character beneficial to the public generally, is a condition subsequent, born of judicial construction of the statute by the courts and by this board. *City of Camden* v. *Camden County Board of Taxation* (*Supreme Court,* 1938), 121 *N. J. L.* 262; 2 *Atl. Rep.* (*2d*) 40; *Township of Lyndhurst* v. *Italian Benefit Society, Civility and Work, New Jersey Tax Reports,* 1934-1939, *p.* 606; *Society DiMutuo Soccorso, Inc.,* v. *City of Hackensack, Id., p.* 668.

In *Centro Espanol of Elizabeth* v. *City of Elizabeth, Id., p.* 675, we said of an exemption claimant there before us:

"\* \* \* petitioner is essentially an athletic and social club for persons of Spanish origin. It is not in any sense a fraternal organization or lodge, as envisaged by the 1936 statute. For exemption purposes, the merits of a differentiation between the two are within the exclusive province of the legislature."

We are of the view, therefore, that the application for exemption must be denied. The judgment of the Essex County Board of Taxation, dismissing the appeal to that body, is affirmed.